### In the Matter of Randall R. SHOUSE.

### No. 49S00–0510–DI–479.

Supreme Court of Indiana.

Nov. 3, 2005.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** During all relevant times, respondent was a practicing attorney in Indianapolis, Marion County. Respondent represented clients in the sale of their house on contract. He drafted the contract with an annual interest rate of 2% instead of the 12% rate that his clients had stated. When the contract buyers brought suit against his clients he did not provide representation and they instead provided their own counsel, *pro se.* He also accepted payment of $100 from his clients to draft wills for them. He did finally remit payment of the $100 for the drafting of the wills that he never completed.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.3 by failing to act with reasonable diligence and promptness in representing a client; 1.7(b) by representing a client in a matter that was adverse to his interests without his client's consent after consultation, by failing to advise his clients that he could no longer represent them, and by failing to withdraw from his representation; 1.16(a) by failing to withdraw from a case when continuing the representation would result in a violation of the *Rules of Professional Conduct;* and 1.16(d) by failing to protect his clients' interests upon termination of his representation and failing to refund his unearned fee for almost two years after his representation was terminated.

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the respondent, the Indiana Supreme Court Disciplinary Commission, and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.